# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**STEVEN M. BROWN,**

    **Petitioner,**

**v.**                                                          **Case No. 8:08-cv-1977-T-30TBM**

**SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,**

    **Respondents.**
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* (hereinafter referred to as "Petitioner"), brings this petition pursuant to 28 U.S.C. § 2254 (Dkt. 1). Respondent filed a response (Dkt. 18), and Petitioner filed a reply (Dkt. 22). Upon review, the Court determines that the petition must be denied because it fails to meet the requirements of 28 U.S.C. § 2254(d) and (e).

## BACKGROUND

Petitioner was charged with one count of armed burglary, one count of felonious possession of firearms, and one count of grand theft. On May 22, 2003, Petitioner was found guilty by a jury of armed burglary of a structure with a deadly weapon and petit theft. Petitioner was sentenced on count one to thirty years in the Department of Corrections as a habitual felony offender and on count two to time served.

Petitioner appealed and, on July 23, 2004, the Second District Court of Appeal affirmed without written opinion. On January 26, 2005, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. Petitioner subsequently filed an amended motion for postconviction relief. On November 18, 2005, the postconviction court issued an order denying eight of the thirteen claims contained in Petitioner's original motion, reserving ruling on one claim, and instructing the State to respond to the remaining four claims. The State responded on January 23, 2006. The postconviction court then issued another order on January 30, 2006, denying one of the remaining five claims, and ordering an evidentiary hearing on four claims. In this same order, the postconviction court denied Petitioner's amended motion for postconviction relief.

An evidentiary hearing was held on May 19, 2006. Following the parties' submission of written closing arguments, the postconviction court issued an order on October 10, 2006, denying Petitioner's remaining claims. Petitioner appealed the order and on April 4, 2008, the Second District Court of Appeal affirmed the trial court's denial of postconviction relief without written opinion. The mandate was issued on April 28, 2008.

On September 30, 2008, Petitioner filed the instant petition. (Dkt. 1). Petitioner raises four grounds for relief, verbatim:

> Ground I
>
> WHETHER TRIAL COURT ERRED IN DENYING PETITIONER'S CLAIM ALLEGING THAT TRIAL COUNSEL'S CONCESSION OF HIS GUILT TO THE OFFENSE OF BURGLARY WITHOUT HIS CONSENT WAS INEFFECTIVE ASSISTANCE OF COUNSEL

Ground II

WHETHER TRIAL COURT ERRED IN DENYING PETITIONER'S CLAIM ALLEGING THAT TRIAL COUNSEL'S FAILURE TO CHALLENGE THE SUFFICIENCY OF THE EVIDENCE USED TO CONVICT PETITIONER OF FIRST DEGREE ARMED BURGLARY TO AN UNOCCUPIED STRUCTURE WAS INEFFECTIVE ASSISTANCE OF COUNSEL

Ground III

WHETHER TRIAL COURT ERRED IN SUMMARILY DENYING PETITIONER'S CLAIM THAT TRIAL COUNSEL'S FAILURE TO OBJECT AND/OR REQUEST THAT THE JURY BE INSTRUCTED ON THE STATUTORY DEFINITION OF WEAPON WAS INEFFECTIVE ASSISTANCE OF COUNSEL

Ground IV

WHETHER THE TRIAL COURT ERRED IN DENYING PETITIONER'S CLAIM THAT THE CUMULATIVE EFFECT OF COUNSEL'S ERRORS WERE SO SERIOUS AS TO DEPRIVE THE PETITIONER OF A FAIR TRIAL, A TRIAL WHOSE RESULT IS RELIABLE

In response, Respondent argues that Petitioner fails to meet the threshold requirements for relief under § 2254 (d) and (e). (Dkt. 18). Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth herein, the Court agrees that Petitioner is not entitled to habeas relief.

## STANDARD OF REVIEW

**I.     AEDPA**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court

shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. See Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dep't of Corrs., 278 F.3d 1245, 1255 (11th Cir. 2002). Additionally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. Ineffective Assistance of Counsel Claims

Petitioner raises allegations of ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 687 (1984); see Bell v. Cone, 535 U.S. 685, 698 (2002) (courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points). First, Petitioner must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Petitioner must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 466 U.S. at 694.

Petitioner must prove both prongs of Strickland. Therefore, if Petitioner fails to establish either deficient performance or prejudice, the court need not address the other prong. Id., 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack

of sufficient prejudice,….that course should be followed."); Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

## DISCUSSION

Since Petitioner's convictions were entered after AEDPA was enacted, the instant petition is subject to the provisions thereof. Moreover, because a state court initially considered the claims raised by Petitioner, § 2254(d) governs the review of his claims. See Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001).

**I.     Ground I**

In Ground I, Petitioner argues that his trial counsel was ineffective because she made a statement to the jury that constituted a concession that Petitioner committed burglary. Petitioner was afforded an evidentiary hearing on this ground. The state court denied relief on this claim stating:

## FINDINGS

> Judge Cynthia Newton, who served as the Defendant's trial counsel, testified at the evidentiary hearing. Judge Newton testified that she and the Defendant agreed that, as a matter of trial strategy, they would concede that the Defendant committed trespass by going into the victim's place of business and taking a beer from the refrigerator. Judge Newton explained that, because the victim was the Defendant's employer, and there was no evidence that the Defendant did not have permission to take a beer out of the refrigerator, she did not believe that this conceded that the Defendant committed burglary. Additionally, Judge Newton stated that the Defendant wanted her to tell the jury that he went into the building in order to get a beer because there had to be some innocent explanation for why the Defendant's blood was found at the place of business. Judge Newton added that the Defendant was facing serious charges and the facts that there was DNA evidence linking the Defendant to the burglary and the Defendant did not show up to work the next morning necessitated some explanation for the Defendant's presence inside the building. Judge Newton also acknowledged that, during trial, the victim went over a detailed list of stolen

items, but never listed beer as a stolen item. Judge Newton also stated that the victim testified at trial that the refrigerator at his place of business was stocked with drinks for employees after they were done working.

The Defendant also testified at the hearing. The Defendant testified that he . . . only agreed to concede that he committed a trespass. Additionally, the Defendant stated that he never advised trial counsel that he took a beer out of the refrigerator, and would not have agreed to concede to a burglary. The Defendant also noted that the State pointed out trial counsel's concession during its closing argument, and the court never asked the Defendant whether he agreed to concede to committing a burglary in this case. The Defendant also stated that trial testimony indicated that a twelve-pack of beer was taken in the burglary.

\* \* \* \* \* \* \*

## Ground Eight - Original Motion

The Defendant also claims his trial counsel was ineffective for conceding that the Defendant committed a burglary during opening arguments. During opening argument, the Defendant's trial counsel did state, "In fact, [the Defendant] went into the business and he had a beer out of the refrigerator." See Exhibit 1, p. 147. Judge Newton testified that this concession was agreed to by the Defendant and made as a matter of trial strategy to provide an innocent explanation for why the Defendant's blood was found inside the business after the burglary. Although the Defendant testified at the evidentiary hearing that he did not agree to concede that he went into the business to take a beer, this court finds the testimony of Judge Newton to be more credible than that of the Defendant. Accordingly, this court finds that this decision was made as a matter of reasonable trial strategy and therefore is not subject to collateral attack. See Lamarca v. State, 931 So. 2d 838 (Fla. 2006); Buford v. State, 492 So. 2d 355 (Fla. 1986); Sanborn v. State, 474 So. 2d 309 (Fla. 3d DCA 1985).

Additionally, the Defendant has failed to sufficiently demonstrate that he was prejudiced by his trial counsel's concession. Even if the Defendant could have been convicted of simple burglary based on trial counsel's statement, he was in fact convicted of the greater offense of armed burglary with a deadly weapon. Based on this verdict, it is apparent that the jury convicted the Defendant, at least in part, on the State's evidence that the Defendant stole a firearm and/or knives during the course of commission of the burglary. Therefore, this court finds that any concession regarding simple burglary simply would not have changed the outcome of the Defendant's trial. See Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, this claim is denied.

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied Strickland and did not make an unreasonable determination of the facts. Although the state court applied both prongs of the Strickland test, Petitioner's claim can easily be disposed of under Strickland's prejudice prong, and it is unnecessary to address whether trial counsel's performance was deficient. Strickland, 466 U.S. at 697. ("[T]here is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one."). Petitioner cannot show that the outcome of the trial would have been different if his trial counsel had not made the concession about him entering the premises and drinking a beer. Testimony of the trial demonstrated compelling evidence of Petitioner's guilt and Petitioner was convicted of the greater offense of armed burglary with a deadly weapon. Accordingly, Ground I is denied.

## II.     Ground II

In Ground II, Petitioner argues that his trial counsel was ineffective for failing to move for a judgment of acquittal on the grounds that the weight of the evidence did not support a jury verdict finding Petitioner used a dangerous weapon during the commission of the burglary. Petitioner was afforded an evidentiary hearing on this ground. The state court denied relief on this claim stating:

Regarding the motions for judgment of acquittal and new trial, Judge Newton testified she argued a motion for judgment of acquittal with regard to a firearm allegedly possessed by the Defendant, but not with regard to the knife. Judge Newton acknowledged that, while a bartender who saw the Defendant on the night of the burglary described the knife at trial, there was no other measurement of the knife given. Judge Newton also acknowledged that the trial testimony established that two knives were stolen, one being described as a Spanish knife that one could shave with, and the other as a buck knife approximately ten inches in length. Judge Newton stated that she did not feel that either knife fell under the definition of a common pocketknife, and did not believe she could raise this argument in good faith in a motion for judgment of acquittal or motion new trial. Judge Newton also stated that she was aware that the Defendant could be convicted of armed burglary based on the fact that he became armed with a weapon during the course of the burglary, and also was aware that manner of use of the knives was irrelevant if the knives were not common pocketknives. Judge Newton indicated that, had the knives been described as smaller, she would have argued that they were common pocketknives outside of the armed burglary statute and moved for a judgment of acquittal. . . . The Defendant testified that he never agreed that trial counsel would not argue a motion for judgment of acquittal that the knives were not common pocketknives. . . . [T]he Defendant testified that he never discussed arguing the pocketknife issue on either of these motions. The Defendant also acknowledged that he did not testify regarding what type of knife was in his possession on the night of the burglary, and did not know what the knives looked like.

## ANALYSIS

### Grounds Five (B) and Six - Original Motion

In Ground Five (B), the Defendant claims his trial counsel was ineffective for failing to move for a new trial on the grounds that the weight of the evidence did not support a jury verdict finding the Defendant used a dangerous weapon during the commission of the burglary. In Ground Six, the Defendant contends his trial counsel was ineffective for failing to move for a judgment of acquittal on the same grounds.
In order to successfully argue a claim of ineffective assistance of counsel, the Defendant must prove that counsel's performance was deficient and that the deficiency caused the Defendant to suffer prejudice. Strickland v. Washington. 466 U.S. 668 (1984). To satisfy the prejudice test, the Defendant must show that a reasonable probability exists that the outcome would have been different absent the ineffective assistance. Id.; Haliburton v. Singletary, 691 So. 2d 466 (Fla. 1997).

Based on the record evidence in this case, it appears to this court that the trial testimony established that neither knife alleged to have been involved in the burglary was a common pocketknife as a matter of law. With regard to the first knife, the victim testified that it was a buck knife, and a bartender who testified that he saw the Defendant with a knife on the night of the burglary testified that he was carrying a fairly large buck knife with a wooden handle and brass ends, approximately ten inches in length. See Exhibit 1: Trial Transcript. Pp. 166, 240-41. The bartender also testified that this knife had a lock blade that could be folded. See id. The second knife was described as a Spanish knife, with an engraved blade, and was long enough to shave with. See Exhibit 1, p. 166. No evidence produced at trial refuted these descriptions.

Based on the testimony presented, it is clear that these knives were not common pocketknives as a matter of law. See State v. Ortiz, 504 So. 2d 39 (Fla. 2d DCA 1987); Walls v. State, 730 So. 2d 294 (Fla. 1st DCA 1999). Accordingly, whether these knives were "common pocketknives" or weapons under section 790.001(13), Florida Statutes, would have been a question of fact for the jury. See id. Additionally, the State correctly notes in its written closing arguments that, because the knives in question were not per se common pocketknives, the State was not required to prove that the knives were used in a manner likely to produce death or great bodily harm. See McCoy v. State, 789 So. 2d 489, 490 (Fla. 2d DCA 2001), citing Arroyo v. State, 564 So. 2d 1153 (Fla. 4th DCA 1990); see also Blanco v. State, 679 So. 2d 792 (Fla. 3d DCA 1996).

Consequently, the argument that the knives were common pocketknives and were not shown to have been used as weapons would not have been viable in a motion for judgment of acquittal or a motion for new trial. Therefore, the Defendant cannot satisfy either prong of the Strickland test, and this claim is denied.

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied Strickland. The state court's decision, which was an adjudication on the merits, is entitled to deference due to state law determinations, as well as AEDPA deference to the state court's resolution of Petitioner's claim of ineffective assistance of counsel.

Where, as here, a state court's adjudication of an ineffectiveness claim requires the resolution of an underlying state law issue, i.e., whether the knives were common pocketknives, the Court owes a very high degree of deference to that determination. See Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984), *modified,* 731 F.2d 1486, *cert. denied,* 469 U.S. 956, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984). State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. See Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997). Accordingly, Ground II is denied.

### III. Ground III

In Ground III, Petitioner argues that his trial counsel was ineffective for not objecting and requesting a jury instruction on the statutory definition of a weapon. Petitioner raised this claim in his 3.850 Motion. The state court denied relief on this claim stating:

> The Defendant alleges his trial counsel was ineffective for failing to object to jury instructions relating to the charge of armed burglary with a dangerous weapon. Specifically, the Defendant claims that the jury should have been instructed that a common pocketknife is not a dangerous weapon pursuant to section 790.001(13), Fla. Stats. The Defendant's claim is without merit. A pocketknife may be considered a dangerous weapon under the armed burglary statute if it is used in a manner likely to cause death or great bodily harm. Mims v. State, 662 So. 2d 962 (Fla. 5th DCA 1995); Arroyo v. State, 564 So. 2d 1153 (Fla. 4th DCA 1990). The jury in the instant case was instructed that it should take into account the manner in which the weapon was used when deciding if the Defendant was armed with a dangerous weapon in the course of committing the burglary. See Exhibit 3: Jury Instructions. As there was no error in the jury instructions read to the jury, trial counsel cannot be deemed ineffective for failing to object to these instructions. See Mendyk v. State, 592 So. 2d 1076, 1080 (Fla. 1992); overruled on other grounds by Hoffman v. State, 613 So. 2d 405 (Fla. 1992). Accordingly, this claim is denied.

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the

evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied Strickland and found that trial counsel could not be ineffective for failing to raise an argument that lacked merit. The state court found the instructions given were correct based on an interpretation of state law. As set forth herein, state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. Accordingly, Ground III must be denied.

## IV. Ground IV

In Ground IV, Petitioner raises a cumulative impact claim, combining his various claims of ineffective assistance of trial counsel. No Supreme Court authority recognizes ineffective assistance of counsel "cumulative error" as a separate violation of the Constitution, or as a separate ground for habeas relief. See Lorraine v. Coyle, 291 F.3d 416, 447 (6th Cir. 2002) ("The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief."), *amended on other grounds,* 307 F.3d 459 (6th Cir. 2002), *cert. denied,* 538 U.S. 947, 123 S.Ct. 1621, 155 L.Ed.2d 489 (2003). The state court summarily denied Petitioner's cumulative ineffective assistance of counsel Rule 3.850 claim, stating: "The Defendant alleges that the cumulative effect of the errors set forth above affected the outcome of his case. As this court has denied the claims above, this claim also is denied." Given that Petitioner has not shown that his ineffective assistance of counsel claims have merit, he cannot show that the cumulative effect of these claims had any impact on the outcome of his case. Accordingly, Ground IV is denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 1, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1977.2254order.frm